UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY VILLA, JR.,

                        Plaintiff,

      v.

WESTCHESTER COUNTY, *et al.*,

                        Defendants.

No. 19-CV-428 (KMK)

ORDER OF DISMISSAL

KENNETH M. KARAS, District Judge:

      By Opinion & Order dated August 5, 2020, the Court partially granted and partially denied Defendants' Motion To Dismiss. (Dkt. No. 51.) The Court provided Plaintiff 30 days to amend his complaint with respect to the dismissed claims. (*Id.*) When Plaintiff did not submit a Second Amended Complaint in advance of this deadline, the Court on September 16, 2020 issued an Order To Show Cause why Plaintiff's already-dismissed claims should not be dismissed with prejudice. (Dkt. No. 52.) Plaintiff made no further submissions, and on October 27, 2020, the Court dismissed with prejudice Plaintiff's already-dismissed claims. (Dkt. No. 53.) The Court subsequently scheduled a status conference regarding Plaintiff's still-pending claims. (Dkt. Nos. 54, 55.) On April 21, 2021, counsel for Defendant Westchester County (the "County") informed the Court that Plaintiff was transferred to a different facility on November 16, 2020, and released on January 14, 2021. (Dkt. No. 56.) On the same date, the Court issued an Order To Show Cause, ordering Plaintiff to show cause by no later than May 24, 2021 as to why this Action should not be dismissed for failure to prosecute. (Dkt. No. 57.) The Order was mailed on April 22, 2021, (Dkt. (entry for Apr. 22, 2021)), but was returned as undeliverable,

(Dkt. (entry for May 17, 2021)). Plaintiff has not shown good cause for his failure to update the Court of his mailing address or otherwise communicated with the Court.

This Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (internal quotation mark omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). The Second Circuit has further cautioned, "pro se plaintiffs should be granted special leniency regarding procedural matters." *Id.* (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "However, even pro se litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the [c]ourt gives warning." *Jacobs v. County of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a

> party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hardimon v. Westchester County*, No. 13-CV-1249, 2014 WL 2039116, at *1 (S.D.N.Y. May 16, 2014) (alterations in original) (quoting *LeSane*, 239 F.3d at 209). No single factor is dispositive. *See LeSane*, 239 F.3d at 210; *Hardimon*, 2014 WL 2039116, at *1.

The Court concludes that these factors weigh in favor of dismising this Action. Plaintiff has not communicated with the Court since filing his Amended Complaint on November 27, 2019—more than a year and a half ago. (*See* Dkt. No. 41.) Plaintiff was advised of his obligation to promptly submit a written notification to the Court in the event that his address changed, and that failure to do so may result in dismissal of the case. (*See* Dkt. No. 6 ("Plaintiff also must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so."); *see also* Dkt. No. 57 (ordering Plaintiff to show cause why this Action should not be dismissed for failure to prosecute).) Further, Plaintiff apparently understood this requirement, as he updated his address in April 2019. (*See* Dkt. No. 21.) However, Plaintiff has not updated his address since this date, he did not update his address upon being transferred or released, and the County does not have Plaintiff's current address. (Dkt. No. 56.) Nor has Plaintiff responded to the Court's Order To Show Cause.

Accordingly, this Action is dismissed without prejudice for failure to prosecute. *See Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (noting that "a pro se plaintiff is not exempt from complying with court orders and must diligently prosecute his case"); *Salem v. City of New York*, No. 16-CV-7562, 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) ("A delay of eight months to one year in prosecuting a case falls comfortably within the time frames found sufficient in successful Rule 41(b) motions to dismiss." (internal quotation marks omitted)); *Robinson v. United States*, No. 03-CV-1001, 2005

WL 2234051, at *2 (S.D.N.Y. Sept. 8, 2005) ("Only the Plaintiff can be responsible for notifying the court and the Defendant of his updated address, and Plaintiff's failure to do so has made it impossible to provide him any notice.")

      The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

DATED:     June 1, 2021
                White Plains, New York

                                                  KENNETH M. KARAS
                                                  UNITED STATES DISTRICT JUDGE